# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **DAMON ELLIOT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 07-1548 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF THE INTERIOR** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendant, the United States Department of Interior, pursuant to Fed. R. Civ. P. 56,

moves for  summary judgment because there are no material facts in dispute in this action under

the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant is entitled to

judgment as a matter of law.  In support of this motion, defendant respectfully refers the Court to

the attached Memorandum of Points and Authorities, defendant's statement of material facts as to

which there are no genuine issue, declarations of Darrell Strayhorne, Freedom of Information Act

("FOIA") Appeals Officer at the Department of the Interior, and William Line, Communications,

FOIA and Tourism Officer for the National Park Service's National Capital Region (NCR), and

proposed order.

Plaintiff should take notice that any factual assertions contained in the accompanying

affidavit and other attachments in support of defendant's motion will be accepted by the Court as

true unless the plaintiff submits his own affidavit or other documentary evidence contradicting

the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully  submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOT | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 07-1548 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF THE INTERIOR | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

STATEMENT OF MATERIAL FACTS AS TO WHICH
THERE IS NO GENUINE ISSUE

Pursuant to Local Rule 7.1(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1.     In a Freedom of Information Act (FOIA) request, dated April 19, 2007, plaintiff, Damon Elliott, sought:

> a copy of all documents that provides [sic] the National Park Service has jurisdiction over 3696 Sellman Road, Beltsville, MD 20705 to enforce laws and regulations over this location.

Declaration of William Line (Line Decl.), ¶ 3.

2.     The Department operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them. Line Decl., ¶ 3; and Attachment 1, FOIA request, dated April 19, 2007.

3.     The National Park Service ("NPS") employees conducted a search of agency records, both manually and by automated means, for the purpose of locating responsive records. During this search, NPS searched all the offices that were likely possessors of documents responsive to plaintiff's request. The National Capital Regional Office ("NCR") was searched for responsive

records because it is the operating unit with oversight over national parks in the greater Washington, D.C. area.  As plaintiff's FOIA request regarded NPS jurisdiction over  a specific parcel of land, Joseph Cook, a Lands Records Specialist searched for responsive records at the NCR's Office of Land Resources and Planning.   Janet Braxton searched for responsive records at NCR's National Capital Parks - East office.  In addition, the U.S. Park Police's FOIA officer confirmed that there were no responsive records in its files.  Joseph Cook confirmed that the address for which plaintiff sought records is not and has never been the property over which the  National Park Service has any jurisdiction.  There are no other offices that are likely to possess responsive records. Line Decl., ¶ 4.

4.      On July 3, 2007,  defendant received a letter, dated June 27, 2007, from the plaintiff, Damon Elliott, appealing the May 31, 2007, response by the NPS to his April 19, 2007, FOIA request.  The appeal is assigned as FOIA Appeal Number 2007-147. See Declaration of Darrell Strayhorn, (Strayhorn Decl.), ¶ 3.

5.      Plaintiff timely appealed the NPS response.  In his letter of appeal, plaintiff acknowledged that he "[does]n't believe responsive documents exist," and that the "sole purpose" of his appeal was to have the FOIA Appeals Office "research/investigate and confirm" the fact that no records existed. Strayhorn Decl., ¶ 4; see also (Appeal Letter of June 27, 2007, Attachment A).

6.      On July 20, 2007, Darrell Strayhorn responded by letter to Mr. Elliott's appeal, explaining that FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters, and declining to perform research or conduct an investigation. Strayhorn Decl., ¶ 5.

7.      Plaintiff's FOIA appeal was denied  because plaintiff had not provided the Department with any information that called into question the NPS's determination that no responsive documents existed.  Strayhorn Decl., ¶ 6;  see also (Appeal Response Letter, Attachment B).

2

Respectfully  submitted,


____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


___/s/_____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

3

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAMON ELLIOT** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-1548 (RJL)** |
| ) | |
| **UNITED STATES DEPARTMENT** ) | |
| **OF THE INTERIOR** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and pertains to the processing of Plaintiff's FOIA request by the National Park Service, Department of Interior ("Department"or "defendant") for "a copy of all documents that provides [sic] the National Park Service has jurisdiction over 3696 Sellman Road, Beltsville, MD 20705 to enforce laws and regulations over this location."  The declaration of William Line reveals that after a reasonable search the National Park Service for the Department has found no responsive documents. Accordingly, summary judgment should be granted on behalf of defendant.

### Factual and Procedural Background

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

# ARGUMENT

## I.     Defendant Is Entitled to Summary Judgment

### A.     Standard for Summary Judgment

In a FOIA/PA action, summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Alyeska Pipeline Serv. Co, v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment). The Court exercises *de novo* review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990);. see Hertzberg v. Veneman, 273 F.Supp.2d 67, 74 (D.D.C.2003). Once the Court determines that the declarations are sufficient, it need not inquire further.  Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burnes v. CIA, No. 05-242 , 2005 U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto).  A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." Carson

2

v. U.S. Office of Special Counsel 534 F.Supp.2d 99, 102, (D.D.C.,2008)(citing SafeCard Servs., Inc.

v. SEC, 926 F.2d 1197, 1200 (D.C.Cir.1991)).

Here, summary judgment should be entered in favor of the defendant.  A reasonable and

adequate search was conducted producing no responsive records.  The Declaration of William Line

contains reasonable specificity of detail regarding the defendant's search. Line Decl., ¶4.

## B.    Department's Search Was Entirely Adequate

Regarding the adequacy of the search, to satisfy the requirements for summary judgment, all

the agency need do is produce "an affidavit reciting facts which enable the District Court to satisfy

itself that all appropriate files have been searched."  Church of Scientology v. IRS, 792 F.2d 146,

151 (D.C. Cir. 1986).  "[I]n the absence of countervailing evidence or apparent inconsistency of

proof, affidavits that explain in reasonable detail the scope and method of the search conducted by

the agency will suffice to demonstrate compliance with the obligations imposed by FOIA."  Perry

v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982).

In FOIA cases, "the Court's inquiry regarding the adequacy of the search focuses on the

search itself, not its results."  See Burnes v. CIA, No. 05-242, 2005 U.S. Dist LEXIS 20114 at *2-7

(D.D.C. Sept. 14, 2005) (attached), citing Weisberg v. United States Dep't of Justice, 240 U.S. App.

D.C. 339, 745 F.2d 121, 126 (D.C. Cir. 1982).  To fulfill an agency's obligations under FOIA,  the

agency must demonstrate that it has conducted a "search reasonably calculated to uncover all

relevant documents."  Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994).  But the

search need only be reasonable; it does not have to be exhaustive.  Miller v. United States Dept. of

State, 779 F.2d 1378, 1383 (8th Cir. 1985).  In other words, "[t]he question is not 'whether there

might exist any other documents, but rather whether the search for those documents was adequate.'"

Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).  Merely

because an agency is unable to find a particular document a requestor believes that it should have,

does not render its search inadequate.   Wilbur v. CIA, 355 F.3d 675, 678, (D.C. Cir. 2004); Nation

Magazine v. United States Customs Serv., 315 U.S. App. D.C. 177, 71 F.3d 885, 892 n. 7 (D.C. Cir.

1987).

       Here, as explained by declarant, William Line, for the defendant,  a reasonable, diligent, and

adequate search was conducted.   An extensive file search of  NPS records, both manually and by

automated means in the NCR Offices that were likely to maintain records based on the adress sought

by plaintiff, were carried out by defendant.  Line Decl. ¶ 4.  No responsive records were located.

Id.

       Moreover, upon filing an appeal of the Department's determination of plaintiff's FOIA

request that no records were located,  plaintiff acknowledged that he "[does]n't believe responsive

documents exist," and that the "sole purpose"of his appeal was to have the FOIA Appeals Office

"research/investigate and confirm" the fact that no records existed. See Declaration of Darrell

Strayhorn, ¶ 4; see also Attachment A.  Thus, plaintiff's concession that the Department has not

withheld any records under the FOIA would also preclude the court having jurisdiction considering

that there is no claim of improper withholding of agency records. Carson v. U.S. Office of Special

Counsel, 534 F.Supp.2d 99, 103  (D.D.C.  2008).

## **CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that its motion for summary

judgment be granted.

<div style="margin-left: 40%">

Respectfully  submitted,

    /s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    /s/
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.
(202) 514-7224

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff *Pro se*

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Damon Elliott
#31034-037
F.C.C. USP-2
Post Office Box 1034
Coleman, Florida 33521


on this 2nd  day of June 2008.



/s/

_____

WYNEVA JOHNSON
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DAMON ELLIOTT,           )
                             )
       Plaintiff,         )
                             )  Civil Action No. 07-1548 (RJL)
       v.                )
                             )
NATIONAL PARK SERVICE,  )
                             )
       Defendant.     )
                             )
_____)

### DECLARATION OF WILLIAM LINE

I, William Line, declare as follows:

1.     I have been employed by the National Park Service (NPS), United States Department of the Interior (Department) for the past six and one half years. I am currently the Communications, Freedom of Information Act (FOIA) and Tourism Officer for the NPS's National Capital Region (NCR). I have held this position since October 2001.

2.     In my capacity as FOIA officer for the NCR, I am responsible for coordinating and responding to FOIA requests seeking information that resides in NCR offices.

3.     The Department operates a decentralized FOIA program, in which the various bureaus, activities, and agency components separately process and respond to FOIA requests addressed to them. As part of my official duties, I was responsible for responding to the April 19, 2007 FOIA request of Damian Elliott that sought:

> *a copy of all documents that provides* [sic] *the National Park Service has*
> *jurisdiction over 3696 Sellman Road, Beltsville, MD 20705 to enforce*
> *laws and regulations over this location.*

See FOIA request, dated April 19, 2007, Attachment 1.

4.    I was responsible for coordinating the search for records responsive to Mr.
Elliott's request. Under my guidance, NPS employees searched agency records, both
manually and by automated means, for the purpose of locating responsive records.
During this search, NPS searched all the offices that were likely possessors of documents
responsive to plaintiff's request. The National Capital Regional Office was searched for
responsive records because it is the operating unit with oversight over national parks in
the greater D.C. area. Because the request regarded NPS jurisdiction over a specific
parcel of land, Joseph Cook, a Lands Records Specialist searched for responsive records
at the NCR's Office of Land Resources and Planning. Because the address Mr. Elliott
provided is in Prince George's County, Janet Braxton searched for responsive records at
NCR's National Capital Parks - East office. Finally, at my request, the U.S. Park Police's
FOIA officer confirmed that there were no responsive records in its files. Furthurmore,
Joseph Cook confirmed that the address for which plaintiff sought records is not and has
never been the property over which the National Park Service has any jurisdiction.
There are no other offices that are likely to possess responsive records.

5.    This search was conducted in good faith and was reasonably calculated to uncover
all relevant documents.

6.      No responsive records were located, and on May 31, 2007, I sent a response to

Mr. Elliott informing him of this fact and of his right under FOIA to appeal this

determination.  See Response Letter, dated May 31, 2007, Attachment 2.

7.      On April 16, 2008, I received a message from the Department's Office of the

Solicitor informing me that Mr. Elliott was suing NPS, asserting the inadequacy of our

search for records responsive to his request.

8.      All information herein is based upon my personal knowledge and/or experience

and/or my personal review of plaintiff's FOIA request and/or upon information furnished

to me in my official capacity.

9.      In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Executed this _30th_ day of _May_, 2008.


                                    _____
                                    William Line
                                    National Park Service
                                    Department of the Interior

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Fl. 33521

April 19, 2007
RE: F.O.I.A. REQUEST

Dear F.O.I.A. Officer :

I request a "copy of all documents that
provides the 'National Park Service' (NPS) has
jurisdiction over 3696 Sellman Road Beltsville,
MD. 20705 to enforce laws and regulations over
this location."

Sincerely,
Damon Elliott

Attachment 2



# United States Department of the Interior

NATIONAL PARK SERVICE
National Capital Region
1100 Ohio Drive, S.W.
Washington, D.C. 20242

IN REPLY REFER TO

MAY 3 1 2007

A7221 (NCR–RCO)

Damon Elliott 31034-037
F.C.C. U.S.P.
P.O. Box 1034
Coleman, Florida 33521

Dear Sir:

This responds to your Freedom of Information Act (FOIA) letter dated April 19, 2007, and received by the National Park Service (NPS) FOIA Officer on May 16, 2007. In your request you sought "a copy of all documents that provides the 'National Park Service' (NPS) has jurisdiction over 3696 Sellman Road, Beltvillle, MD 20705 to enforce laws and regulations over this location."

The FOIA, 5 U.S.C. § 522, generally provides that the Government shall make documents available to the public for inspection and copying to the widest extent possible. Certain classes of documents, however, may be exempt. The FOIA does not require that new records be created in response to a request and only applies to records in existence at the time of the request.

Your FOIA request was referred to National Capital Parks-East, a unit of the National Capital Region of the National Park Service and the National Capital Region's Division of Lands, Resources and Planning. After a review of possible sources, the search revealed no responsive documents relative to your request.

Under FOIA, you have the right to appeal this determination within 30 days of the date of this letter (Saturday, Sunday, and public holidays excepted) under the procedures found at 43 C.F.R. 2.30, a copy of which is enclosed for your reference.

Address your appeal, clearly marked "Freedom of Information Act Appeal," to the Freedom of Information Act Appeals Officer, U.S. Department of the Interior, 1849 C Street, NW, Mail Stop 7456, Washington, D.C. 20240. If you believe that responsive documents exist, please provide any information you may have which leads you to believe that such records exist, including where they might be found if the location is known to you.



If you have any questions regarding this FOIA response, or any of the issues discussed in this letter, you may contact FOIA Officer, William Line, via phone at (202) 619-7177.

Sincerely,

Lisa A Mendelson-Ielmini

Deputy Regional Director, National Capital Region

Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1548 (RJL) |
| | ) |
| NATIONAL PARK SERVICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF DARRELL R. STRAYHORN

I, Darrell R. Strayhorn, hereby declare as follows:

1.     I am the Freedom of Information Act ("FOIA") Appeals Officer at the

Department of the Interior ("Department").   I have held this position since March 2005.

2.     In my capacity as FOIA Appeals Officer, I determine whether to accept appeals

filed with the Department under the FOIA for processing and, if the appeal is properly

filed, the issues a FOIA requester is challenging in the FOIA appeal.  As a result, I am

familiar with the FOIA responses that have been appealed to the Department's FOIA

Appeals Office, including plaintiff's FOIA appeal.

3.     On July 3, 2007, I received a letter, dated June 27, 2007, from the plaintiff,

Damon Elliott, appealing the May 31, 2007, response by the National Park Service (NPS)

to his April 19, 2007, FOIA request.  The appeal is assigned as FOIA Appeal Number

2007-147.

4.     Mr. Elliott had timely appealed the NPS response. In his letter of appeal, Mr. Elliott acknowledged that he "[does]n't believe responsive documents exist," and that the "sole purpose" of his appeal was to have the FOIA Appeals Office "research/investigate and confirm" the fact that no records existed. See Appeal Letter of June 27, 2007, Attachment A.

5.     On July 20, 2007, I responded by letter to Mr. Elliott's appeal, explaining that "'FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters.' *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002)," and declining to perform research or conduct an investigation.

6.     In the same letter, I stated that because Mr. Elliot had not provided the Department with any information that called into question the NPS's determination that no responsive documents existed, his appeal was denied. See Appeal Response Letter, Attachment B.

7.     All the information herein is based upon my personal knowledge and/or experience or upon information furnished to me in my official capacity.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of March, 2008.

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

Damon Elliott 31034-037
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX. 77720

June 27, 2007
RE: F.O.I.A. APPEAL

Dear Appeals Officer:

I don't believe responsive documents exist, and I'm unaware of any information which may leads to such records existing concerning my request for records over "3696 Sellman Road Beltsville, Md. 20705,"
This is the sole purpose of my appeal for your office to research/investigate and confirm.

Sincerely,

Damon Elliott

Attachment B



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO
**FOIA Appeal No. 2007-147**

Damon Elliott (31034-037)
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX 77720

'JUL 2 0 2007

Dear Mr. Elliott:

This responds to the June 27, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") that you filed with the Department of the Interior ("Department"), which was received on July 3, 2007. The Department has assigned your appeal as **Appeal Number 2007-147**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

Your appeal concerns an April 19, 2007, FOIA request that you submitted to the National Park Service ("NPS") seeking "a 'copy of all documents that provides the [NPS] has jurisdiction over 3696 Sellman Road Beltsville, MD 20705 to enforce laws and regulations over this location.'" In response to your FOIA request, the NPS advised you that "[a]fter a review of possible sources, the search revealed no responsive documents relative to your request." You timely filed the instant appeal and state the following:

> I don't believe responsive documents exist, and I'm unaware of any information which may leads (sic) to such records existing concerning my request for records of '3696 Sellman Road Beltsville, Md. 20705.'
>
> This is the sole purpose of my appeal for your office to research/investigate and confirm.

However, please be aware that the "FOIA was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Dale v. IRS*, 238 F. Supp. 2d 99, 105 (D.D.C. 2002). Therefore, the Department declines your offer to perform research or conduct an investigation for you.

As for the portion of your appeal that seeks to have the Department "confirm" that the NPS's search did not reveal any documents that are responsive to your FOIA request, the Department notes that you have not provided it with any information that calls into question the NPS's determination on this matter. Therefore, your appeal is denied.

This completes the Department's response to your appeal.  You have a right to seek judicial review of this decision under *5 U.S.C. § 552(a)(4)(B)*.

If you have any questions, you may call me at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Diane Cooke, FOIA Officer, NPS

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **DAMON ELLIOT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-1548 (RJL)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF THE INTERIOR** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

<u>ORDER</u>

This matter comes before the Court on Defendant's Motion for Summary Judgment.

Upon consideration of the Motion, the opposition, the reply, and the entire record herein, it is by

the Court this _____ day of _____, 2008 hereby

ORDERED that Defendant's Motion for Summary Judgment is hereby GRANTED; and

it is further

ORDERED that with respect to these, the above captioned matter is hereby DISMISSED

WITH PREJUDICE.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE