UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAMON ELLIOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 07-1548 (RJL) ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION
February 14, 2009

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the plaintiff challenges the defendant's failure to locate records responsive to his FOIA request. The defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Dkt. No. 17]. Upon consideration of the parties' submissions and the entire record, the Court grants the defendant's motion.

I. BACKGROUND

By letter of April 19, 2007, the plaintiff requested "a copy of all documents that provide[] the National Park Service (NPS) has jurisdiction over 3696 Sellman Road Beltsville, MD 20705 to enforce laws and regulation over this location." Compl. at 2. NPS conducted a search but located no responsive records. Def's Mot., Declaration of William Line ("Line Decl.") ¶ 4.

II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

matter of law." FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in declarations when they describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Because agency declarations are accorded "a presumption of good faith," *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006), it is incumbent upon the plaintiff to "point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981). "A declarant in a FOIA case satisfies the personal knowledge requirement in Rule 56(e) if in his declaration, [he] attests to his personal knowledge of the procedures used in handling [a FOIA ] request and his familiarity with the documents in question." *Barnard v. Dep't of Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) (citations and internal quotation marks omitted; brackets in original). *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (citing *Meeropol v. Meese*, 790 F.2d 942, 951 (D.C. Cir.1986)) (determining that the person in charge of a search is "the most appropriate person to provide a comprehensive affidavit").

The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*,697 F.2d 1095, 1105 (D.C. Cir. 1983). Because an inadequate search amounts to an improper withholding under the FOIA, *see Maydak*

*v. U.S. Dep't. of Justice*, 254 F. Supp.2d 23, 44 (D.D.C. 2003), the Court must determine the adequacy of the agency's search when, as here, its failure to locate responsive records is challenged.

The agency to which a FOIA request is submitted is required "to make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *International Trade Overseas, Inc.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (citation omitted). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.* (citing *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). "Once the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)).

## III. DISCUSSION

The defendant has provided evidence of an adequate search. *See* Line Decl. ¶¶ 4-5.[1]  The plaintiff claims that a genuine issue is presented because a government witness testified in August 1997 that "3696 Sellman Road is U.S. Government property." Pl.'s Opp. [Dkt. No. 33] at 2. Plaintiff has not provided a transcript of such testimony but even if true, this fact alone is immaterial to the question of whether the defendant possessed a responsive record as covered by the FOIA at the time of the plaintiff's request in 2007.[2] *See McGehee*, 697 F.2d at 1110 (an agency is required to produce only those records in its custody and control at the time of the FOIA request).   In the absence of any evidence calling into question the defendant's evidence of an adequate search, the Court concludes that the defendant is entitled to judgment as a matter of law. A separate Order accompanies this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

---

[1] Line is the Communications, FOIA and Tourism Officer for the NPS's National Capital Region who coordinated the search for records responsive to the plaintiff's FOIA request. Line Decl. ¶¶ 2, 4. His statement is based on his "personal knowledge and/or experience and/or personal review of plaintiff's FOIA request and/or upon information furnished to me in my official capacity." *Id.* ¶ 8.

[2] "[R]ecord . . . includes [] any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format[.]" 5. U.S.C. § 552(f). *See Consumer Federation of America v. Dep't of Agriculture*, 455 F.3d 283, 287 (D.C. Cir. 2006) (observing that the FOIA does not define record *per se*); *but cf.* 5 U.S.C. § 552a(a)(4) (Privacy Act defining record as "any item, collection, or grouping of information about an individual that is maintained by an agency . . . .")